UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BOBBI TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-349-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, | ) | **AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Bobbi Tolliver ("Tolliver") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 13] Through this action, Astrue seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to a Supplemental Security Income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Tolliver.

## I.      BACKGROUND

Initially, Tolliver filed an application for Supplemental Security Income ("SSI") on March 13, 1993. She was awarded benefits but those benefits ceased in January 2002 when she was incarcerated. At that time, she was placed on non-pay status for 12 months and her

eligibility for benefits ended in January 2003.  Following her  release from prison, Tolliver filed

the current application for SSI payments on March 3, 2004.  This claim was denied initially and

upon reconsideration.  Thereafter, Tolliver requested a hearing before an ALJ.  On July 22, 2005,

a hearing was conducted before ALJ Donald Rising.  During this administrative hearing, the ALJ

heard testimony from Tolliver and Katharine Bradford, a vocational expert ("VE").  On August

22, 2005, the ALJ issued a decision denying benefits to Tolliver.  [Transcript ("Tr."), pp. 14-23]

The ALJ concluded that Tolliver retained the residual functional capacity to perform a

significant range of heavy work.  [Tr., p. 23]  Tolliver's request for review was denied by the

Appeals Council on August 22, 2005.  [Tr., pp. 11-13]

At the time of the administrative hearing, Tolliver was a 47 year-old individual with a

high school education. [Tr., p. 15]  She has no past relevant work experience.  Tolliver alleges

a disability beginning January 1, 1993, due to migraine headaches, back problems, seizures and

posttraumatic stress disorder ("PTSD").  [Tr., p. 15, 87]  After a careful review and evaluation

of the medical evidence of record and testimony at the hearing from the Claimant and the VE,

the ALJ found that Tolliver had the residual functional capacity to perform a significant range

of heavy work. [Tr., p. 23]  She concluded that Tolliver was not disabled as defined in the Social

Security Act and regulations.  [Tr., p. 23]

## II.      LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance

with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden

shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 416.920(b).  Second, a claimant must show that she suffers from a severe impairment.  20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680,

683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.    DISCUSSION

Tolliver raises two arguments in this appeal. First, she argues that the ALJ improperly stated that he gave deference to the medical assessment of Kevin w. Eggerman. Dr. Eggerman, a psychiatrist/specialist, examined Tolliver at the request of the state agency on May 11, 2004. At the time of the examination, Tolliver's chief complaint was that she was "very nervous." [Tr., p. 146] She also indicated that she had worry, restlessness, diminished sleep and diminished concentration. [Tr., p. 147] Further, she reported that, while on drugs, she had two psychiatric admissions in 1997 and 2001. She noted, however, that since she was released from prison, she has not used alcohol or taken drugs and has not received any psychiatric treatment. In his report, Dr. Eggerman noted that Tolliver had previously been diagnosed with PTSD. However, he stated that Tolliver did not report any flashbacks, nightmares or any other symptoms of PTSD.

Upon examination, Dr. Eggerman described Tolliver as mildly anxious and showing no evidence of psychomotor slowing. He noted that her thought processes were logical, coherent and goal-oriented and that her concentration was fair. He also found no evidence that Tolliver suffered from delusions, hallucinations or paranoia. Dr. Eggerman diagnosed Tolliver with

polysubstance dependence (in full sustained remission), generalized anxiety disorder and a GAF (Global Assessment of Functioning ) of 65.  Additionally, Dr. Eggerman found no basis to support a diagnosis of post traumatic stress disorder.  In particular, Eggerman found that Tolliver had the following limitations:

1.    minimally limited in her ability to understand and remember short, simple instructions and carry out short, simple instructions;
2.    mildly limited in her ability to understand and remember detailed instructions and carry out detailed instructions;
3.    minimally limited in her ability to make judgments on simple work-related decisions;
4.    mildly limited in her ability to interact appropriately with the public, supervisors, and coworkers;
5.    mildly to moderately limited in her ability to respond appropriately to work pressures in a usual work setting;
6.    mildly limited in her ability to respond appropriately to changes in a routine work setting.

[Tr., p. 150]

In reviewing the evidence, the ALJ stated that he did not accept the findings of the state agency psychologists.  Instead, the ALJ noted that he had given "deference to Dr. Eggerman's assessment because he had the opportunity to evaluate the claimant." [Tr., p. 20] Further, the ALJ concluded that "Dr. Eggerman's opinions are consistent with the claimant's reported history and the most current records of the Cumberland River Comprehensive Care Center, who assessed the claimant with no more than moderate limitations of functioning." [Tr., p. 20]

Tolliver argues that the ALJ inaccurately summarized Dr. Eggerman's findings and therefore did not afford his opinion any deference.  Specifically, Tolliver asserts that the ALJ mistakenly stated that "Dr. Eggerman opined that the claimant was mildly to moderately limited in her ability to respond appropriately to changes in the work setting  . . ." [Record No. 10] The

record reflects, however, that Tolliver is incorrect inasmuch as the ALJ and Dr. Eggerman assessed only a mild limitation in this area.

In addition, Tolliver asserts that the ALJ erred because he inaccurately summarized another finding by Dr. Eggerman. In particular, Tolliver states that the ALJ incorrectly stated that Dr. Eggerman "reported the claimant's ability to interact appropriately with the public, supervisors and co-workers was mild to moderately limited." [Record No. 10] As noted by Tolliver, the ALJ incorrectly summarized Dr. Eggerman's finding in this area. Notably, Dr. Eggerman found that Tolliver was mildly limited (not mildly to moderately limited) in her ability to interact appropriately with the public, supervisors and co-workers. However, the Court notes that the ALJ assessed a greater impairment in this area than did Dr. Eggerman. Therefore, while the ALJ did not accurately summarize Dr. Eggerman's finding, it appears that the he did rely on, and defer to, Dr. Eggerman's assessment of Tolliver's limitations.

Second, Tolliver argues that the ALJ did not accurately represent her mental impairments to the VE. Specifically, she claims that the ALJ did not include in the relevant hypothetical to the VE the "mental impairments assessed by the source on whom the ALJ intended to rely." [Record No. 10] Conversely, the Commissioner asserts that the ALJ did present an accurate hypothetical to the VE. [Record No. 13]

> In the hypothetical presented to the VE at the hearing, the ALJ stated in pertinent part:
>
> let's assume, because of the seizure disorder, they'd be restricted from operating machinery, or heights, or climbing ropes, ladders, and scaffolds, or working around hazard. Let's further assume a limitation to only simple instructions and tasks, only casual coworker contact, in non-public, low stress settings.

[Tr., p. 285]

In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits because a faulty hypothetical question did not accurately describe the claimant's abilities.  As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments."  *Id.* at 239; *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony.  *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779.  Moreover, merely because a claimant was diagnosed with a condition does not mean such diagnoses must be

included in a hypothetical.  The medical evidence must support such a diagnosis and must

support a finding that the diagnosis causes functional debilitation.  *Id.*

The Sixth Circuit addressed this issue in *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th

Cir. 2004).  In *Webb*, the Sixth Circuit held that

> there is some confusing language in *Howard* that could conceivably be viewed
> as requiring that hypothetical questions include lists of claimants' medical
> conditions.  However, we conclude that, given the facts present in *Howard*, that
> language is not part of its holding, nor can it be so construed if *Howard* is to be
> read to be consistent with the holdings of our prior decisions.

*Id.* at 631-32.  Thus, the Sixth Circuit has unequivocally stated that the ALJ is *not* required to

present an exhaustive list of a claimant's medical or mental conditions to the VE in his

hypothetical.

In the present case, the administrative record reflects that, with respect to Tolliver's

mental abilities, the ALJ asked the VE to assume a "limitation to only simple instructions and

tasks, only casual coworker contact, in non-public, low stress setting."  These limitations clearly

incorporated Dr. Eggerman's findings regarding Tolliver's mental state.  Therefore, the Court

is unpersuaded by Tolliver's claim that the ALJ's hypothetical presented to the VE was an

inaccurate representation of her abilities and overall mental and physical state, based upon the

available evidence and testimony.  *See Buxton,* 246 F.3d at 772.  Because the ALJ accurately

described Tolliver's abilities and limitations in the hypothetical question presented to the VE,

and because the ALJ properly opined that a person with such limitations was not disabled within

the Social Security regulations, the Court concludes that substantial evidence supports the ALJ's

determination that Tolliver is not disabled.

### IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the

Court finds that substantial evidence supports the ALJ's opinion.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2.      The Commissioner's Motion for Summary Judgment [Record No. 13] is

**GRANTED**; and

3.      The administrative decision will be **AFFIRMED** by separate judgment entered

this date.

This 17th day of July, 2008.

Signed By:

_Danny C. Reeves_  DCR

United States District Judge